**E-Filed 11/15/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>CUSTOM CUTS, INC., et al.,<br><br>        Defendants. | Case Number C 06-6478 JF (HRL)<br><br>ORDER GRANTING IN PART SECOND *EX PARTE* APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: doc. no. 7] |

    On October 17, 2006, Plaintiff Andrew Smith Company filed the complaint in this action, alleging that Defendants Custom Cuts, Inc. and Bradley Beckman failed to pay approximately $150,000 due and owing for perishable agricultural commodities that Plaintiff had shipped to Defendants. The complaint alleges the following claims: (1) breach of contract; (2) enforcement of statutory trust provisions of the Perishable Agricultural Commodities Act ("PACA"); (3) failure to account and pay in violation of PACA; (4) injunctive relief; (5) unjust enrichment; (6) conversion; and (7) declaratory relief.

    Plaintiff also filed an *ex parte* application for temporary restraining order ("TRO") prohibiting Defendants from taking any action that would dissipate Plaintiff's beneficiary interest in Defendants' assets. A TRO may be granted without notice to the adverse party *only if* "(1) it

clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).  Moreover, in this district an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

The Court denied Plaintiff's initial *ex parte* application for TRO on the ground that Plaintiff had not provided an declaration of counsel explaining why no notice of the application for TRO was given to Defendants, and had not obtained an order from this Court relieving Plaintiff from the notice requirement.  Plaintiff has filed a second *ex parte* application for TRO, accompanied by the required declaration of counsel.  Plaintiff requests that Defendants be restrained from the following conduct:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales or any or all existing or future inventories of foods, including, but not limited to, inventory on hand, perishable agricultural commodities, commodities, and/or other products derived from perishable, including frozen , agricultural commodities, and/or receipts of payments for such commodities sold prior to the date of this order, and/or otherwise disposing of corporate assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interest in the PACA Trust assets;

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4) and 7 U.S.C. §499b(4) of the Perishable Agricultural Commodities Act ("PACA"); and

D. Transferring, withdrawing, or in any other manner removing PACA Trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants at any and all banking institutions from Defendants' banking account, including but not limited to Defendants' accounts at Great Midwest Bank, 4775 S. 27th Street, Greenfield, WI 53221, Account Number 0180026011, or any subsequently identified account standing in the name or for the benefit of Defendants, or any of them.

For good cause shown, the Court will issue the requested TRO restraining Defendants from the above conduct pending disposition of Plaintiff's motion for preliminary injunction, and will set a hearing date on such motion.

Case No. C 06-6478 JF (HRL)
ORDER GRANTING SECOND *EX PARTE* APPLICATION FOR TRO
(JFLC2)

1   Plaintiff also request that Defendants be ordered to deposit in excess of $150,000 in a
2   trust account to be opened by Plaintiff's attorneys.  It appears from Plaintiff's papers that
3   Plaintiff is one of many competing creditors for limited assets held by Defendants.  Under these
4   circumstances, the Court declines to order deposit of the funds Plaintiff claims it is owed, which
5   would in effect bump Plaintiff up in line ahead of other creditors.

**ORDER**

(1) Plaintiff's *ex parte* application for TRO is GRANTED IN PART.  Defendants are HEREBY RESTRAINED from the conduct described in sections A-D above; and

(2) Plaintiff's motion for preliminary injunction is set for hearing on December 8, 2006.  Plaintiffs may file a brief in support of such motion on or before November 21, 2006.  Any opposition shall be filed on or before November 28, 2006.  Any reply shall be filed on or before December 5 2006.

DATED:  11/15/06

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3

Paul William Moncrief    paul@johnsonmoncrief.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-6478 JF (HRL)
ORDER GRANTING SECOND *EX PARTE* APPLICATION FOR TRO
(JFLC2)